NOTICE TO COUNSEL
SCHEDULING AND DISCOVERY POLICY OF JUDGE GENE E.K. PRATTER

l. An Initial Pretrial Conference as described in Fed. R. Civ. P. l6(a), (b) and (c) generally will be held in Chambers approximately 90 days after an action is filed, or shortly after a case is reassigned to Judge Pratter's calendar.

2. Motions to dismiss, transfer, add parties and other threshold motions should be filed, whenever possible, before the Initial Conference. At the very least, plans for such developments should be highlighted. The prospect of motions for summary judgment should be noted at the Conference.

3. The Conference will last approximately thirty (30) minutes. If it is truly impossible for lead trial counsel or adequately-prepared substitute counsel to attend the Conference, counsel should very promptly contact the Court in writing (with copy to all other counsel) and the Court will determine whether the Conference will be rescheduled to permit in-person attendance by a knowledgeable professional. In a complex case, trial counsel must be present.

4. At the Conference the following matters, among others, will be considered and acted upon:

    A. Jurisdictional defects, if any;

    B. Time limits to join other parties and to amend pleadings;

    C. Prospects of amicable settlement;

    D. Establishing schedules for remaining pretrial proceedings, including discovery, pretrial filings, exchange of exhibits, exchange of expert reports, etc. and,

    E. Setting a date for trial.

5. Subsequent conferences may be requested by counsel for exploration of settlement or for trial management or preparation purposes.  Conferences of this type, either in-person or by telephone, are encouraged, provided counsel believe they will be useful.

6. In an uncomplicated case, all discovery should be completed within l20 days after appearances have been filed for all defendants.  The date for completing discovery will be set at the Initial Pretrial Conference.  In more complex cases, at the Conference counsel will be directed to file a joint discovery schedule setting forth the dates, time intervals and subjects of discovery to be completed by the deadline.

7. The discovery deadline means that all reasonably foreseeable discovery must be served, noticed <u>and completed</u> by that date.  Discovery may take place thereafter only by agreement of the parties, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted; provided, however, that the Court will not entertain motions to compel discovery after the deadline date for the failure to timely serve the discovery or file such motion before the deadline (absent a showing of good cause).

8. When timely or necessary discovery is not forthcoming after a reasonable attempt has been made to obtain it, the immediate assistance of the Court should be sought.  <u>See</u> Local Rule 24(f) & (g). Counsel should review Judge Pratter's Practices and Procedures, which can be found on the Court's website for further explanation of the Judge's requirements with regard to discovery disputes.  Discovery disputes requiring the Court's attention should be presented by motion, <u>without</u> lengthy recitation of extraneous information.  The Court encourages the resolution of discovery disputes by telephone conference, and discovery motions may be disposed of promptly by a telephone conference in lieu of the usual motion practice even before a response is filed.

9. Requests for extension of discovery deadlines, trial dates, or trial pool entry dates can be made by letter, stating the reasons and noting the agreement or disagreement of all other counsel, or by telephone conference with all counsel participating. Lengthy, i.e., more than two or three weeks extensions are not likely to be granted, absent exceptional circumstances. Do not ask for repetitive extensions without having <u>very</u> compelling reasons.

l0. The filing of a Pretrial Memorandum described in Local Rule 16.1(c) will be required. The requirements of Local Rule 16.1(d) will only be utilized when specially ordered by the Court.

11. After Arbitration, requests for trial <u>de novo</u> will result in the case being set for trial or placed in the trial pool promptly. No discovery will be allowed after the Arbitration except by order of the Court upon good cause shown as to why the discovery requested could not have been reasonably anticipated and completed prior to the Arbitration.

l2. Unexcused violations of scheduling orders are subject to sanctions under Fed. R. Civ. P. l6(f), upon motion or the initiative of the Court.

l3. Letters or other written communications about any pending matter (which are discouraged) are to be directed to the Court and not to law clerks or to the Deputy Clerk. Letters on other than ministerial ("housekeeping") matters are strongly discouraged. Telephone calls directly to law clerks also are discouraged, unless expressly authorized or requested.. Law clerks are not permitted to render advice to counsel and have no authority to grant continuances or to speak on behalf of the Court. All scheduling matters for civil cases should be directed to Rose Barber, Deputy Clerk, 267-299-7352.

14. Counsel are expected to review the Court's General Pretrial and Trial Policies and Procedures available at <u>http://www.paed.uscourts.gov</u> or by specific request directed to Ms.

Barber.